BOARD OF SCHOOL TRUSTEES OF ELIZABETH CITY v.
R. L. HINTON ET ALS.

(Filed 18 February, 1914.)

**Constitutional Law—Cities and Towns—Condemnation—School Purposes.**

The taking of lands for the purposes of public schools is for a public use, in contemplation of our Constitution; and an act of the Legislature empowering a town to condemn land for such purposes is constitutional.

APPEAL by defendant from *Bragaw, J.,* at November Term, 1913, of PASQUOTANK.

This is a proceeding under chapter 140, Private Laws 1907, as amended by chapter 163, Private Laws 1909, to condemn land for school purposes.

All the issues and questions of fact were found in favor of the petitioner, and judgment was rendered condemning the land, and awarding the defendant $3,000, to which he excepted and appealed.

*W. L. Cahoon and J. K. Wilson for plaintiff.*
*Ward and Thompson for defendant.*

ALLEN, J. The only question presented by the appeal is the constitutionality of the act of the General Assembly authorizing the condemnation of land for the purposes of a graded school.

As was said in *R. R. v. Davis,* 19 N. C., 456: "The right of the public to private property, to the extent that the use of it is needful and advantageous to the public, must, we think, be universally acknowledged. Writers upon the laws of nature and nations treat it as a right inherent in society. There may, indeed, be abuses of the power, either in taking property without a just equivalent, or in taking it for a purpose really not needful or beneficial to the community; but when the use is in truth a public one, when it is of a nature calculated to promote the general welfare, or is necessary to the common convenience, and the public is, in fact, to have the enjoyment of the property or of an easement in it, it cannot be denied that the power to have things before appropriated to individuals again dedicated to the service of the State is a power useful and necessary to every body politic."

This case has been approved on this point more than thirty times, and it would seem to follow from the principle declared that if a user for schools is a public use, that the General Assembly was acting within its powers.

In Lewis on Eminent Domain, vol. 1, sec. 270, the author says: "Property taken for public buildings of all kinds, such as city halls, courthouses, jails, public schools, markets, almshouses, and the like, is taken for a public use," and statutes permitting the condemnation of land for school purposes were held to be constitutional in *Long v. Fuller,* 68 Pa. St., 170; *Township Board v. Hockmann,* 48 Me., 243; *Williams v. School District,* 33 Vt., 271.

This accords with the spirit of our Constitution, which says that "schools and the means of education shall forever be encouraged," because knowledge is "necessary to good government and the happiness of mankind," and which requires the General Assembly to "provide by taxation and otherwise for a general and uniform system of public schools" for all the children of the State.

We find no error.

Affirmed.